**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RICHARD DeWEERD )
and SHERYL DeWEERD, )
)
Plaintiffs, )
)
v. ) No.
)
NATIONAL RAILROAD PASSENGER )
CORPORATION d/b/a AMTRAK and )
NORFOLK SOUTHERN RAILWAY )
COMPANY, a corporation, LOUIS T. BURKE, III; )
and LYNN HALBERSTADT, )
)
Defendants. )

FILED: NOVEMBER 18, 2008
08CV6616
JUDGE PALLMEYER
MAGISTRATE JUDGE ASHMAN
NF

COMPLAINT

NOW COMES Plaintiffs, RICHARD DeWEERD and SHERYL DeWEERD, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter "AMTRAK"), NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, (hereinafter "NORFOLK"), LOUIS T. BURKE, III (hereinafter "BURKE") and LYNN HALBERSTADT (hereinafter "HALBERSTADT"), and states as follows:

JURISDICTION

1. The court has jurisdiction over the claims asserted herein by Plaintiffs pursuant 28 U.S.C. § 1331 and § 1349.

VENUE

2. Venue is properly in this Court pursuant to 25 U.S.C. § 1391. All of the events that took place occurred within the County of Cook, State of Illinois.

COMMON ALLEGATIONS

3. On and before November 30, 2007, Defendant, AMTRAK, was a corporation doing business as a common carrier engaged in the transportation of passengers and freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

4. On and before November 30, 2007, Defendant, NORFOLK, was a corporation engaged in the business of transportation of freight between various destinations, including the City of Chicago, County of Cook, State of Illinois.

5. On November 30, 2007, Defendant, AMTRAK, through its employee and/or agent Defendant, BURKE, owned, operated, managed, maintained, supervised and controlled AMTRAK Train number 371, originating from Grand Rapids, Michigan, and destined for Union Station in the City of Chicago, County of Cook, State of Illinois.

6. On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control by Defendant, AMTRAK.

7. In the alternative, on November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 traveled on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois, that was owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage,

maintain, supervise and control by Defendant, NORFOLK.

8. On November 30, 2007, Defendant, AMTRAK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

9. In the alternative, on November 30, 2007, Defendant, NORFOLK, owned, maintained and controlled or contracted to own, operate, manage, maintain, supervise and control the track signals which were designed to control train traffic within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

10. On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, owned, operated, managed, maintained, supervised and controlled, or contracted to own, operate, manage, maintain, supervise and control a certain freight train stopped on the railroad tracks within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

11. On November 30, 2007, at approximately 11:32 a.m., Defendants, BURKE and HALBERSTADT, were operating AMRTAK Train number 371 on to a stretch of railroad track within a freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

12. On November 30, 2007, at approximately 11:32 a.m., AMTRAK Train number 371 struck the rear of the NORFOLK's freight train stopped within the freight yard at or near 52nd Street and South Shields Avenue in the City of Chicago, County of Cook, State of Illinois.

COUNT I – RICHARD DeWEERD – NATIONAL RAILROAD PASSENGER

CORPORATION

13. Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

14. On November 30, 2007, Plaintiff, RICHARD DeWEERD, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

15. On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, was a common carrier and owed Plaintiff, RICHARD DeWEERD, the highest duty of care.

16. On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its agents and/or employees, were negligent in one or more of the following ways:

a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h. Failed to slow the train pursuant to warnings on a track signal;

i. Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

k. Operated the train without keeping a safe and proper lookout; and

l. Was otherwise negligent.

17. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, RICHARD DeWEERD, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, RICHARD DeWEERD, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

<u>COUNT II – RICHARD DeWEERD – LOUIS T. BURKE, III</u>

18. Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

19. On November 30, 2007, Plaintiff, RICHARD DeWEERD, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

20. On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, RICHARD DeWEERD, the highest duty of care.

21. On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was negligent in one or more of the following ways:

a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h. Failed to slow the train pursuant to warnings on a track signal;

i. Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

k. Operated the train without keeping a safe and proper lookout; and

l. Was otherwise negligent.

22. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, RICHARD DeWEERD, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, RICHARD DeWEERD, prays for judgment against Defendant, LOUIS T. BURKE, III, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT III – RICHARD DeWEERD – LYNN HALBERSTADT

23. Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

24. On November 30, 2007, Plaintiff, RICHARD DeWEERD, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

25. On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, RICHARD DeWEERD, the highest duty of care.

26. On November 30, 2007, at approximately 11:32 a.m., Defendant, HALBERSTADT, was negligent in one or more of the following ways:

a. Failed to maintain adequate communication between the train

engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h. Failed to slow the train pursuant to warnings on a track signal;

i. Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

k. Operated the train without keeping a safe and proper lookout; and

l. Was otherwise negligent.

27. As a direct and proximate result of one or more of the aforesaid negligent acts and/or

omissions of the Defendant, HALBERSTADT, the Plaintiff, RICHARD DeWEERD, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, RICHARD DeWEERD, prays for judgment against Defendant, LYNN HALBERSTADT, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT IV – RICHARD DeWEERD – NORFOLK SOUTHERN RAILWAY COMPANY

28. Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

29. On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, RICHARD DeWEERD, a duty to exercise reasonable care.

30. On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its agents and/or employees, was negligent in one or more of the following ways:

a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g. Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h. Was otherwise negligent.

31. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, RICHARD DeWEERD, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, RICHARD DeWEERD, prays for judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT V – SHERYL DeWEERD – NATIONAL RAILROAD PASSENGER CORPORATION

32. Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

33. On November 30, 2007, Plaintiff, SHERYL DeWEERD, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

34. On November 30, 2007, Defendant, AMTRAK, through its agents and/or employees, was a common carrier and owed Plaintiff, SHERYL DeWEERD, the highest duty of care.

35. On November 30, 2007, at approximately 11:32 a.m., AMTRAK, through its agents and/or employees, were negligent in one or more of the following ways:

a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h. Failed to slow the train pursuant to warnings on a track signal;

i. Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

k. Operated the train without keeping a safe and proper lookout; and

l. Was otherwise negligent.

36. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff, SHERYL DeWEERD, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, SHERYL DeWEERD, prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT VI – SHERYL DeWEERD – LOUIS T. BURKE, III

37. Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

38. On November 30, 2007, Plaintiff, SHERYL DeWEERD, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

39. On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, BURKE, was a common carrier and owed Plaintiff, SHERYL DeWEERD, the highest duty of care.

40. On November 30, 2007, at approximately 11:32 a.m., Defendant, BURKE, was negligent in one or more of the following ways:

a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h. Failed to slow the train pursuant to warnings on a track signal;

i. Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

k. Operated the train without keeping a safe and proper lookout; and

l. Was otherwise negligent.

41. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, BURKE, the Plaintiff, SHERYL DeWEERD, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, SHERYL DeWEERD, prays for judgment against Defendant, LOUIS T. BURKE, III, for a sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT VII – SHERYL DeWEERD – LYNN HALBERSTADT

42. Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of Paragraphs 1 through 12.

43. On November 30, 2007, Plaintiff, SHERYL DeWEERD, was a paying passenger and boarded AMTRAK train number 371, departing from the AMTRAK Station in Grand Rapids, Michigan.

44. On November 30, 2007, AMTRAK, through its agents and/or employees, including Defendant, HALBERSTADT, was a common carrier and owed Plaintiff, SHERYL DeWEERD, the highest duty of care.

45. On November 30, 2007, at approximately 11:32 a.m., Defendant, HALBERSTADT, was negligent in one or more of the following ways:

a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c. Failed to slow down its train at the aforesaid point when it knew or should have known that on prior occasions freight trains had been stopped on railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

f. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

g. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

h. Failed to slow the train pursuant to warnings on a track signal;

i. Failed to stop or slow the AMTRAK train number 371 to avoid a collision;

j. Operated a passenger train at a rate of speed that was greater than was reasonable;

k. Operated the train without keeping a safe and proper lookout; and

l. Was otherwise negligent.

46. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, HALBERSTADT, the Plaintiff, SHERYL DeWEERD, sustained injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, SHERYL DeWEERD, prays for judgment against Defendant, LYNN HALBERSTADT, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

COUNT VIII – SHERYL DeWEERD – NORFOLK SOUTHERN RAILWAY COMPANY

47. Plaintiff reasserts and re-allege, as if fully set forth herein, the allegations of

Paragraphs 1 through 12.

48. On November 30, 2007, Defendant, NORFOLK, through its agents and/or employees, owed Plaintiff, SHERYL DeWEERD, a duty to exercise reasonable care.

49. On November 30, 2007, at approximately 11:32 a.m., Defendant, NORFOLK, through its agents and/or employees, was negligent in one or more of the following ways:

a. Failed to maintain adequate communication between the train engineer and railroad dispatchers, which would inform the engineer of the need to slow and stop the train;

b. Failed to adequately and safely coordinate the use of the railroad tracks located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois between both passenger and freight trains;

c. Failed to maintain its railroad tracks in a reasonably safe condition within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

d. Failed to adequately maintain track signals located within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois;

e. Failed to adequately train and educate its train engineers and operators regarding safe operation of its trains;

f. Failed to have a properly functioning signal system to adequately warn the train engineer and operator of the need to reduce speed;

g. Negligently stopped its freight train within the freight yard at or near 52nd Street and South Shields Avenue, City of Chicago, County of Cook, State of Illinois; and

h. Was otherwise negligent.

50. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, NORFOLK, the Plaintiff, SHERYL DeWEERD, sustained injuries of

a personal and pecuniary nature.

WHEREFORE, Plaintiff, SHERYL DeWEERD, prays for judgment against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, for a monetary sum in excess of the jurisdictional limit of the United States District Court for the Northern District of Illinois, Eastern Division.

JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 Plaintiffs request that their claims in this action be decided by a jury.

Respectfully submitted,

Attorney for Plaintiffs

Robert A. Clifford
Sean P. Driscoll
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602
(312) 899-9090
A.R.D.C. No. 6288120